HARDY, Judge.
Plaintiff, alleging that he was a duly licensed and bonded pest control operator, and that he had done certain work on property of defendant with the latter’s consent and approval, brought this suit to recover the sum of $175 representing the contract price of such work. On trial, when oral testimony for the purpose of establishing the contract was tendered on behalf of plaintiff, objection was raised by counsel for defendant on the ground that parol testimony for such purpose was inadmissible under the provisions of the statute, • LSA-R.S. 40:1261 et seq., which required such contracts to be entered into in writing. The district judge first overruled the objection then upon further consideration admitted the ' evidence, subject to the objection. After trial on the merits the learned judge rendered a written opinion in which he reached the conclusion that the evidence in question should be excluded and, as a result, judgment was rendered dismissing plaintiff’s suit, from which plaintiff has appealed.
The statutory provision which is here called into question is found in Section 1269 of Title 40 of the LSA-Revised Statutes, which reads as follows:
“Every licensed pest control operator shall enter into a written contract with the property holder employing him to control or eradicate termites in which he shall guarantee for a per *537 iod of two years, the performance of the terms of his contract. Failure to execute such a contract or failure to carry out the guarantee subjects the operator to forfeiture of his license by the commission and to the penalty prescribed in R.S. 40:1274.”
The source of the above quoted provision is Section 7 of Act No. 124 of 1942, the title of which declares the purpose of said act to be as follows:
“To create a Pest Control Commission; to define its duties and powers; to define and regulate the practice of pest control and eradication and/or all entomological work; to provide Control and eradication of agricultural pests exempted from this Act; exempting individual applying remedial measures for the control of insect pests and plant diseases on his own property; to provide for the issuance and revocation of licenses and to make rules and regulations setting forth qualifications and conditions under which licenses may be issued; and the supervision and inspection of pest control work; to require bond for the faithful and honest performance of such work; to require the same to be done under written contract containing a guarantee; to require monthly reports of confection and performance of such contracts; to create a fund for the enforcement of this act by imposing in addition to all other taxes an excise or privilege tax in a fixed sum upon licensees performing such work based upon each contract therefor; to provide for the expenditures to be made from such fund; to provide that the invalidity of any part of this act shall not affect the remainder thereof; to provide penalties for violations.of this act; and to repeal all laws or parts of laws in conflict herewith.” (Emphasis supplied.)
Implementing the requirements of the act the Pest Control Commission, "authorized and created thereunder, adopted rules and regulations' which are incorporated in the record before us. 'Under Regulation 5 dealing with “contract forms, reports and fees”, we find the following provision:
“ (a) A licensee holding a license to engage in termite eradication work must enter into written contracts with clients to eradicate and keep the premises free of termites for not less than, nor more than two years (including ‘spot treatments’), and to faithfully and honestly carry out the provisions of the contracts entered into.”
The question here presented may be briefly stated as follows:
•Do the provisions of Jaw imposing a penalty for failure to execute a contract in writing have the effect of prohibiting recovery for work performed under an oral agreement? ,
In considering this question we do not find it necessary to enter into any detailed discussion with reference to the purpose ' and intent of the Legislature. Quite obviously the matter of pest control is one which touches the public interest and quite properly demands attention and regulation by the Legislature. No issue has been raised in the instant case with respect to the right of the Legislature to regulate the practice of pest control operations, nor have any of the provisions of the act been subjected to attack. But it is urgently contended by learned counsel for plaintiff, who have supported their contentions with able and persuasive argument and brief before this court, that the statute only requires a written guarantee by the operator assuring the performance of the .terms of the contract for a period of two years. It is further urged that the statutory provision is penal in nature, therefore to be strictly construed, and, finally, that violation of the specific provision does not preclude recovery for the work performed.
We think the first point raised may be briefly disposed on the ground that the clear ■ and unambiguous provision of Section -1269 requires a written contract which shall embody a guarantee of the *538 performance of the terms thereof over a period of two years. It is evident that the guarantee alone.is not sufficient compliance with this provision. This construction is further warranted by the disjunctive phraseology hearing upon the infliction of the penalty which is not solely dependent upon the failure of the guarantee but may be employed in the event of failure to ■ execute “such a contract”, that is, a written contract.
There is no room for question with respect to the contention that the provisions of the statute being penal in nature must be strictly construed, which principle is conclusively established, understood and accepted.
The resolution of the question presented must finally rest upon the validity of counsel’s argument that the act providing a penalty for failure of the operator to enter into a written contract was not intended and should not be construed to prohibit recovery for the services performed. We are unable to agree with this position and we think the identical point was ably and correctly determined in the opinion of Mr. Justice Le Blanc while a member of the Court of Appeal for the First Circuit in the case of Ronaldson v. Moss Watkins, Inc., 13 La.App. 350, 127 So. 467, 469. The cited case concerned an action by plaintiff, a certified public accountant, for the recovery of fees for services rendered to the defendant. The action was defended on the ground’ that plaintiff, a non-resident, having failed to register under the requirements of Act No. 136 of 1924 was prohibited from recovering for services performed. Observing that the act did not specifically prohibit the collection of fees by those. who . failed to comply with its provisions the opinion stated:
“Where the law does not contain the prohibition but imposes a penalty for its violation, it seems to be generally held that the penalty implies the prohibition. The decisions to that effect are based on the well known principle that ‘the .law will not lend its support to a claim founded upon its violation.’
“It would seem to be somewhat anomalous to have a court exercising criminal jurisdiction pronounce a man a criminal and inflict the penalty of the law on him, and then turn around and, sitting as a civil court, let that same man reap the benefit of the same act for which it had just punished him.”
The allowance of recovery by plaintiff in the instant case would, involve the identical anomaly pointed out above. In other' words, our courts would be placed in the position of approbating the recovery of a benefit by one who has violated the law and thereby subjected himself to a penalty for such violation. Such a conclusion: would have the effect of rewarding an act which is in clear violation of law.
For the reasons assigned the judgment appealed from is affirmed at appellant’s, cost.